UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SHAWN SCHROLL, DENNIS SCHROLL, and LORI SCHROLL,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT #4, CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, ILLINOIS STATE BOARD OF EDUCATION, and DR. ROBERT LADENSON,<br><br>　　　　　Defendants. | Case No. 06-2200 |

# ORDER

Plaintiffs have filed a Complaint (#1) pursuant to the Individuals With Disabilities Act of 2004 (IDEA), 20 U.S.C. § 1400 *et seq.* They allege that the decision of the impartial hearing officer (Dr. Robert Ladenson) following a due process hearing is contrary to the manifest weight of the evidence.

Presently before the Court is Plaintiffs' Motion To Supplement the Record (#14). Defendant School District has filed written opposition.

According to the motion, Plaintiffs Dennis and Lori Schroll enrolled their son, Plaintiff Shawn Schroll, in a private tutorial program through the Dyslexia Institute of America. Shawn's participation in that program occurred after the due process hearing. Consequently, any information related to his performance in the program was not part of the body of evidence considered by the impartial hearing officer.

Plaintiffs point out that 20 U.S.C. § 1415(i)(2)(c)(ii) authorizes the Court to receive and consider additional evidence. Defendants correctly point out that the Court is not required to consider the additional evidence. Rather, receipt of the additional evidence is a matter left to the

discretion of the trial court. *Monticello Sch. Dist. No. 25 v. Brock*, 102 F.3d 895, 901-02 (7th Cir. 1996).

Chief Judge McCuskey has previously addressed the issue of receipt of new evidence. In *Board of Education of Paxton-Buckley-Loda Unit School District No. 10 v. Jeff S. ex rel. Alec S.*, the Court held it need not accept all evidence tendered by a party in an IDEA case. In his opinion, Chief Judge McCuskey noted the following authority:

> "A court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of the administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the [evidence was not available at the administrative hearing], and conservation of judicial resources." *Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Jamie H.,* 2001 WL 585149 at *3 (N.D.Ill. 2001), *quoting Burlington [v. Dept. of Educ. for Com. of Mass],* 736 F.2d [733,] at 791 [1st Cir. 1984]. "A lax interpretation of additional evidence would reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo." *Springer v. Fairfax County School Board,* 134 F.3d 659, 667 (4th Cir. 1998).

Bd. of Educ. of Paxton-Buckley-Loda Unit Sch. Dist. No. 10 v. Jeff S., 184 F.Supp.2d 790, 802 (C.D.Ill. 2002).

Authority cited by Defendants provides guidance to the Court in exercising its discretionary authority. Plaintiffs make no argument within the framework of that guiding authority. Rather, they merely state that "the information sought to be added is essential to a fair resolution of this case, because, if believed, it would demonstrate that the school district's defense (i.e., that Shawn made as much progress as he could make) was unfounded." (Pl.'s Mot. to Supp., ¶ 9, #14.)

This Court finds Defendants' argument persuasive. Receipt of the new evidence which reportedly contradicts a premise of the defense which the Impartial Hearing Officer may have accepted tends to convert the instant proceedings into a trial *de novo*. The Court also agrees with

Defendants' argument that receipt of the new evidence would be prejudicial to Defendants. On balance, the justification for receiving the new evidence is substantially outweighed by the factors opposing its introduction.

For these reasons, the Court shall exercise its discretion to decline to receive the additional evidence. Therefore, Plaintiffs' Motion to Supplement the Record **(#14)** is **DENIED**.

ENTER this 2nd day of March, 2006.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE