# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| SHAWN SCHROLL, DENNIS SCHROLL, and LORI SCHROLL, <br>       Plaintiffs, <br> v. <br><br> BOARD OF EDUCATION CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT #4, CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, ILLINOIS STATE BOARD OF EDUCATION, and DR. ROBERT LADENSON, <br><br>       Defendants. | Case No. 06-2200 |

# ORDER

In October 2006, Plaintiffs Shawn Schroll and his parents, Lori Schroll and Dennis Schroll, filed a Complaint (#1) against Defendants, Board of Education of Champaign Community Unit School District No. 4, Champaign Community Unit School District No. 4 (hereinafter "District"), Illinois State Board of Education, and Dr. Robert Ladenson, pursuant to the Individuals with Disabilities Education Act (hereinafter "IDEA") (20 U.S.C. § 1401, *et seq.*). Schroll seeks review of the July 17, 2006, decision of Illinois State Board of Education due process Hearing Officer Robert Ladenson.

In May 2007, Plaintiffs filed a Motion for Summary Judgment (#21) and the District filed a Motion for Summary Judgment (#23). In August 2007, the Court denied Plaintiffs' motion for summary judgment. After reviewing the parties' pleadings, memoranda, and other materials, this Court **GRANTS** the District's Motion for Summary Judgment **(#23)**.

### I. Analysis

The IDEA requires school districts to provide children with disabilities with a free appropriate public education (hereinafter "FAPE") by (1) following the procedures set forth in the IDEA, and (2) developing an IEP "reasonably calculated to enable the child to receive

educational benefits." *Bd. of Educ. of the Hendrik Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-07 (1982); *Alex R. v. Forrestville Valley Cmty. Unit Sch. Dist.*, 375 F.3d 603, 613 (7th Cir. 2004).

The IDEA requires certain procedures that are listed in 20 U.S.C. § 1415(b). Nowhere in this list of required procedures are any of the violations Plaintiffs complain of. Therefore, analysis will focus on the second requirement of the IDEA, developing an IEP "reasonably calculated to enable the child to receive educational benefits." *Rowley*, 458 U.S. at 206-07.

The District provided Schroll with a FAPE by constructing an IEP reasonably calculated to provide him with educational benefits. Schroll's IEP was individually designed for him and consisted of specialized classroom accommodations including orally administered exams, extended time for exams, use of a calculator or other calculation device, retests for unsatisfactory scores, and extra credit opportunities. (#11-4, pp. 166-73.) In addition, Schroll's IEP team, which included his parents, regularly reviewed his IEP. (#11-9, pp. 174-75; #11-11, pp. 9-12, 22-26.) Therefore, the IEP was created specifically for Schroll and was reasonably calculated to provide a meaningful educational benefit.

"A litigant who fails to press a point by supporting it with *pertinent* authority, or by showing why it is a good point despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) (emphasis in original). In their response to the District's motion for summary judgment, Plaintiffs do not cite to a single legal authority. In addition, Plaintiffs provide no particularly compelling reason why the Court should overturn the decision of the Hearing Officer.

## II. Summary

For the reasons set forth above, this Court **GRANTS** the District's Motion for Summary Judgment **(#23)**. This case is terminated.

ENTER this 10th day of August, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE